UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| THE CHRISTIAN AND MISSIONARY ALLIANCE,<br><br>Plaintiff<br><br>vs.<br><br>NORTH WOODS ALLIANCE CHURCH, a/k/a NEW BEGINNINGS CHURCH OF LEE,<br><br>Defendant | Civil Action<br>Case No. _____ |

## Complaint for Declaratory Judgment

Plaintiff, The Christian and Missionary Alliance, hereby complains against North Woods Alliance Church as follows:

### Introduction

1. Plaintiff The Christian and Missionary Alliance (hereinafter "Plaintiff") is a religious and nonprofit corporation, with its principal place of business in Colorado Springs, Colorado.

2. Defendant North Woods Alliance Church, also known as New Beginnings Church of Lee (hereinafter "Defendant") is a religious and non-profit corporation, with a place of business in Lee, Maine. Defendant was formally known as The Christian and Missionary Alliance Church of Lee, Inc.

3. Prior to March 2019, the Defendant was known as The Christian and Missionary Alliance Church of Lee and was affiliated with the Plaintiff.

This Complaint involves Plaintiff's ownership of certain real estate and buildings located in Lee, Maine ("the Property") and Defendant's failure to reorganize Plaintiff's rights of

ownership and to unlawfully attempt to disseize Plaintiff' of its right of ownership of the Property.

## Jurisdiction and Venue

4. This Court has jurisdiction over this dispute. The amount in controversy is in excess of $75,000.00 and there is diversity of citizenship between the parties.

5. Venue is proper in this Court in that the dispute involves real estate located in Lee, County of Penobscot, State of Maine.

## Relevant Facts

6. On or about March 7, 1983, Defendant and Plaintiff agreed that Defendant would become an accredited and affiliated member church of the Plaintiff, The Christian and Missionary Alliance. As part of their affiliation and membership agreement, Defendant adopted organizational documents consistent with those of Plaintiff and agreed to adhere to the protocols and procedures and organizational documents adopted by Plaintiff. The Plaintiff agreed to provide various services and financial support for Defendant.

7. The Property which is the subject of this complaint is described as follows:

> A certain lot or parcel of land situated in the Town of Lee, County of Penobscot, State of Maine, bounded and described as follows: Beginning at an iron pin located at the southeasterly corner of property of the grantee herein as described in Book 3580, Page 130 of the Penobscot County Registry of Deeds, said pin also marking the northeasterly corner of David Crocker as described in Book 2917, Page 152; thence northerly along the easterly line of land of the grantee as described in Book 3580, Page 130, three hundred feet (300'), more or less, to the northeasterly corner of the grantee as described in Book 3580, Page 130; thence southeasterly along the southeasterly projection of the northerly line of the grantee as described in Book 3580, Page 130, one hundred feet (100') to a point; thence southerly and parallel with the easterly line of the grantee as described in Book 3580, Page 130, three hundred feet (300'), more or less, to a point that intersects the southeasterly projection of the southerly line of the grantee as described in Book

{EP - 03286666 - v6 }

   3580, Page 130; thence northwesterly along southeasterly projection of the southerly line of the grantee as described in Book 3580, Page 130, one hundred feet (100'), more or less, to the point of beginning.

   A certain lot or parcel of land, together with any buildings and improvements thereon, situate in Lee, Penobscot County, Maine, bounded and described as follows, to wit:
Beginning at an iron pin on the Easterly sideline of the East Winn Road (Route 168) at the Northwesterly corner of land deeded to David Crocker described in Volume 2917 Page 152, Penobscot County Registry of Deeds; thence South Eighty-Three Degrees East (S 83º E) along Crocker's Northerly line Two Hundred Feet (200') to an iron pin set at Crocker's Northeasterly corner; thence North Eight Degrees West (N 8º W), and parallel with said East Winn Road, Three Hundred Feet (300') to a point; thence North Eighty-Three Degrees West (N 83º W) Two Hundred Feet (200') to a point on the Easterly sideline of said East Winn Road; thence Southeasterly along Easterly sideline of the said East Winn Road a distance of Three Hundred Feet (300') to the point of beginning.

8. In in consideration of Plaintiff granting Defendant status as an affiliated member church of The Christian and Missionary Alliance, Defendant adopted the Constitution and Bylaws required by Plaintiff, which provided in pertinent part as follows:

   a. Reversion of property.  Recognizing the purpose of the members of this congregation to support both the doctrines and the mission of The Christian and Missionary Alliance through the contribution of their tithes, offerings and special gifts, and to ensure that the future use of such assets and real property as this church may from time to time acquire shall not be diverted from this purpose, this church adopts the following property reversion clause.

   b. Property Reversion Events. Any of the following shall constitute a "property reversion event:" (a) the decision or action of this church to disaffiliate or otherwise separate itself from The Christian and Missionary Alliance without the prior written approval of such decision or action by the District Executive Committee (or its equivalent) of the district in which this church is located.

9. The Constitution and Bylaws further provided that upon the occurrence of a property reversion event, legal title to all real and personal property shall, upon the demand of The

Christian and Missionary Alliance, revert to and become the property of The Christian and Missionary Alliance.

10. On or about December 2018 or March 2019, the Defendant unilaterally terminated its relationship with Plaintiff and established a new independent church, known as North Woods Alliance Church, a/k/a New Beginnings Church of Lee, on the Property. This action constituted a property reversion event.

11. Despite demand by Plaintiff, the Defendant has refused to recognize its obligation that upon its separation from Plaintiff, ownership of the Property reverts to Plaintiff. Further, Defendant has refused to transfer the Property to Plaintiff.

12. Plaintiff seeks, and is entitled to, a declaratory judgment determining that Plaintiff is the rightful owner of the Property and requiring Defendant to execute appropriate documents transferring title to the Property to Plaintiff.

WHEREFORE, Plaintiff asks this Court to enter a declaratory judgment declaring that Plaintiff is the rightful owner of the Property and requiring Defendant to transfer title of the Property to Plaintiff, and for such damages as are reasonable under these circumstances, for its costs and attorney's fees, and for such other and further relief as the Court determines is appropriate.

Dated at Bangor, Maine this 4th day of December, 2019.

THE CHRISTIAN AND MISSIONARY ALLIANCE,

BY    */s/ Bernard J. Kubetz*
Bernard J. Kubetz, Esq.
80 Exchange Street, P. O. Box 1210
Bangor, Maine 04402-1210
(207) 947-0111
bkubetz@eatonpeabody.com

{EP - 03286666 - v6 }